FILED

1 | JOSEPH A. YANNY, ESQ., SBN 97979
2 | HAROLD COLLINS, ESQ., SBN 68161
   | YANNY & SMITH
3 | 1801 Century Park East, 23rd Floor
   | Los Angeles, California 90067
4 | Telephone: (310) 551-2966
   | Facsimile: (310) 551-1949
5 |
   | Attorneys for Plaintiffs
6 |

2008 MAR 10  PM 4: 38

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

7

8              IN THE UNITED STATES DISTRICT COURT

9         FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 | ROBERT LEE VILLIGAN, an individual; **No.** EDCV08-0329 VAP(JCRx)
12 | ANGELINA SUENTES VILLIGAN, an individual;
   | ▮▮▮▮▮▮▮▮▮, an individual; ▮▮▮▮▮▮ IN **COMPLAINT FOR UNLAWFUL**
13 | an individual;                    ▮▮, an **SEARCH & SEIZURE; UNLAWFUL**
   | individual;              an individual; **TAKING OF PROPERTY;**
14 | MICHAEL MURR, an individual; JILL MURR, an **INTENTIONAL INFLICTION OF**
   | individual; BRIANNA MURR, an individual; **EMOTIONAL DISTRESS; and**
15 | TREVOR MURR, an individual; ▮▮▮▮▮▮▮ **INVASION OF PRIVACY**
   | an individual; MICHAEL WOODALL, an
16 | individual; JOY WOODALL, an individual; **DEMAND FOR JURY TRIAL**
   | ▮▮▮▮▮▮▮▮▮▮ an individual; ▮▮▮▮▮▮
17 | ▮▮▮▮▮, an individual; JOHN ROONEY, an
   | individual; ROBIN ROONEY, an individual;
18 | ▮▮▮▮▮▮▮▮ an individual; ▮▮▮▮▮▮
   | ▮▮▮▮▮▮▮ an individual; PAUL CACIOPPO, an
19 | individual,
   |                         Plaintiff,
20 |
   | v.
21 |
   | MIKE CARONA, an individual, JOHN CARR, an
22 | individual, RIVERSIDE COUNTY POLICE
   | DEPARTMENT, a government agency;
23 | RIVERSIDE COUNTY SHERIFF'S
   | DEPARTMENT, a government agency; BUREAU
24 | OF ALCOHOL, TOBACCO AND FIREARMS, a
   | government agency; DOES 1-100, inclusive,
25 |
26 |                         Defendants.

27

28

1  Plaintiffs Robert Lee Villigan, an individual; Angelina Suentes Villigan, an

2  individual; ███████████, an individual; ███████████, an individual; Cruz

3  ███████, an individual; ███████████, an individual; Michael Murr, an individual;

4  Jill Murr, an individual; Brianna Murr, an individual; Trevor Murr, an individual;

5  ███████████ an individual; Michael Woodall, an individual; Joy Woodall, an

6  individual ███████████, an individual; ███████████, an individual; John

7  Rooney, an individual; Robin Rooney, an individual; ███████████, an individual;

8  ███████████ an individual; Paul Cacioppo, an individual, (hereinafter

9  "plaintiffs") complain and allege as follows:

10

11                      **JURISDICTION AND VENUE**

12      1.      This action arises 42 U.S.C. § 1983 and California common law.

13  Jurisdiction is proper under 28 U.S.C. § 1331. Jurisdiction is also proper pursuant

14  to this Court's supplemental jurisdiction as provided in 28 U.S.C. § 1367 in that the

15  state law claims alleged herein are so related to the federal claims that they form

16  part of the same case or controversy under Article III of the United States

17  Constitution.

18      2.      Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) in

19  that a substantial part of the events or omissions giving rise to the claims herein

20  occurred within this Judicial District.

21                          **THE PARTIES**

22      3.      Plaintiffs

23          a.      Villigan Family: 984 Basalt Court, Hemet, CA

24              i.      Robert Lee Villigan

25              ii.     Angelina Suentes Villigan

26              iii.    ███████████, current age 10; age 8 at the time

27              iv.     ███████ current age 5, age 3 at the time

28

v. ▮▮▮▮▮, current age 5; age 3 at the time

vi. ▮▮▮▮▮, current age 14; age 12 at the time

b. <u>Murr Family: 2846 Violet Drive, San Jacinto, CA</u>

   i. Michael Murr

   ii. Jill Murr

   iii. Brianna Murr, current age 21; age 19 at the time

   iv. Trevor Murr, current age 18; age 16 at the time

   v. ▮▮▮▮▮, current age 16; age 14 at the time

c. <u>Woodall Family: 208 North Date Avenue, Realto, CA</u>

   i. Michael Woodall

   ii. Joy Woodall

   iii. ▮▮▮▮▮, current age 15; age 13 at the time

   iv. ▮▮▮▮▮, current age 8; age 6 at the time

d. <u>Rooney Family: 157 Eighth Street, Norco, CA</u>

   i. John Rooney

   ii. Robin Rooney

   iii. ▮▮▮▮▮, current age 17; age 15 at the time

   iv. ▮▮▮▮▮, current age 12; age 10 at the time

e. <u>Paul Cacioppo: Hermosa Beach, CA</u>

4. Defendants

a. The named individual defendants herein are sued individually and

in their official capacities within their respective agencies, for acts and conduct under color of law as follows:

   i. MIKE CARONA was, at all relevant times, a sworn member

of the Sheriff's Department for the County of Orange, State California

ii.  JOHN CARR was, at all relevant times, a member of the

Bureau of Alcohol, Tobacco and Firearms

    b.    The following agencies are sued:

        i.  The Riverside Police Department

        ii.  The Riverside County Sheriff's Department

        iii.  The San Bernardino County Sheriff's Department

    c.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1-100, inclusive, and therefore sues said Defendants by fictitious names. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when ascertained.

## GENERAL ALLEGATIONS
### The Los Vagos Motorcycle Club

5.    On March 9, 2006, at approximately 5:45 a.m., Plaintiffs were simultaneously subjected to searches of their residences in what was a raid by law enforcement officials. The raid was orchestrated by former Orange County sheriff Mike Carona who is now himself currently under indictment.

6.    Plaintiffs allege that the households involved in the searches were selected because each housed a member of the Los Vagos Motorcycle Club (hereinafter "Club"). The Los Vagos Motorcycle Club is a forum for providing camaraderie to those with a common interest in riding motorcycles. The Club's charter states that no criminal activity nor substance abuse will be tolerated. Most members of the Club are veterans of the armed forces.

7.    As a result of the searches that were perpetrated on March 9,

2006, Plaintiffs have had various items of property withheld by law
enforcement agencies, including, but not limited to, legal registered weapons
and cash.

8.     Due to the appalling manner in which the searches were
perpetrated, Plaintiffs have suffered and continue to suffer serious emotional
distress, including, but not limited to, loss of sleep, vomiting, and intense
fear.

### The Villigan Family

9.     At all relevant times, the Villigan Family has resided at 984
Basalt Court, Hemet, CA (hereinafter "Villigan residence").

10.     In March of 2006 at approximately 5:45 am officers executed a
search warrant by forcing entry into the Villigan residence. The affidavits
and declarations used by the ATF to procure the search warrants stated that
it was known that none of the residents was involved in criminal activity.

11.     Prior to executing the search warrant, officers had sealed off the
block, arousing the curiosity of the Villigans' neighbors, who came out to
watch the spectacle.

12.     Robert Lee Villigan was the first household member to see the
officers enter the residence. Mr. Villigan was held at gunpoint by
approximately 10 to 15 officers, including members of the Bureau of
Alcohol, Tobacco, and Firearms (hereinafter "ATF") and local law
enforcement.

13.     As the other members of the household arose, they were all
handcuffed and thrown to the floor. All were forced to lay facedown in their
nightclothes while the officers trained machine guns on them. Mr. Villigan
was wearing only boxer shorts. Mr. Villigan's 10 year old daughter

was wearing only panties and a t-shirt. His three year old twin sons, ██████

and ██████ were carried downstairs in their diapers by officers wielding 12

gauge shotguns.

14.    While the family lay in handcuffs on the floor, officers

tormented the children by making such comments as "Did you know your

daddy had to kill someone to get into this motorcycle gang?" Most of the

comments were made by local law enforcement officers, while the ATF

agents stood by and did nothing to prevent the abuse.

15.    The search lasted approximately four hours. During that entire

time, Ms. Villigan was not allowed to tend to her children. None of the

household members was allowed water, food, or the opportunity to use the

bathroom or dress.

16.    The Villigans' four month old puppy was maced and pepper

sprayed and then allowed to run through the house, including all over its

handcuffed owners who lay on the living room floor.

17.    The officers videotaped the entrance and exit, but not the entire

search. The officers seized legal registered weapons that Mr. Villigan kept in

a safe in the garage. Along with the weapons, the officers also took all of the

documentation that Mr. Villigan had proving that they were legally

purchased. Also taken were pictures, jewelry and address books.

18.    At some point Mr. Villigan was taken, still clad in his boxers,

into a police car and transferred to a command center. Mr. Villigan was then

left in the police car for hours, and the media was allowed full access to it.

Mr. Villigan was therefore photographed numerous times in his boxer

shorts.

19.    Prior to the raid, one of the Villigans' neighbors who was also a

deputy (but not part of the raid) had been asked numerous times about activity at the residence prior to the raid. This neighbor had stated that the Villigans were a normal family and that there was nothing irregular occurring at the residence.

20.    At the time of the incident, Mr. Villigan was a truck driver. During the course of the raid, Mr. Villigan's employer arrived at the residence to help Mr. Villigan repair his truck. At that point, Mr. Villigan's employer was told by law enforcement officials that Mr. Villigan was a terrorist. Because of this, Mr. Villigan subsequently lost his job.

21.    Ever since the raid, Mr. Villgan's children cry whenever they see a police car. Whenever someone knocks on the door, the children beg their mother not to answer it, and run away crying so that they can hide.

### The Murr Family

22.    On March 9, 2006, at 5:45 a.m. or thereabouts, without announcing themselves, three unnamed ATF agents and an "Officer Moreno" of unknown affiliation kicked in the front door of 2846 Violet Drive, San Jacinto, CA (hereinafter "Murr residence"), shattering glass.

23.    The affidavits for the search warrant stated that there was no criminal activity engaged in by this family. However, as Mr. Murr was an officer of the Club, he might have information of criminal activity by others.

24.    The first resident to see the officers was the Murrs' youngest son, Devon, who had fallen asleep downstairs watching TV. When Mr. Murr arrived downstairs, the boy had already been handcuffed and was on the floor facedown. Mr. Murr was also handcuffed and made to lie on the floor. Father and son were both cut by the shattered glass on the floor.

25.    Jill Murr and was taken downstairs in her nightclothes. Brianna

Murr was forced down the stairs wearing only her underpants and a t-shirt. Trevor Murr was also dragged downstairs.

26.    All officers present were male. The officers proceeded to taunt Mrs. Murr for her appearance and to make degrading commentary about Brianna, stating such things as "Look at this sweetheart."

27.    When Mr. Murr begged officers to let his family go and attempted to reassure his children, he was told: "Shut the fuck up asshole! Shut the fuck up!" The officers then pushed him around even though he was already restrained.

28.    The family was detained for four hours without water or food. During the course of the search, Brianna became so upset that she began to vomit.

29.    The officers took computers, clothes, jewelry, money, books, and records such as check registers, address books, bank statements, and unopened mail. There were no weapons, drugs or evidence of any crime on the premises. As the officers left, they took Mr. Murr's dog tags, which he was very proud of for having served his country, and threw them on the ground.

30.    Entrance and exit videos were taken by the officers.

31.    As a result of this raid, the Murr children continue to suffer severe emotional problems. These children all had fully automatic weapons pointed at their heads.

## Woodall Family

32.    On March 9, 2006 at approximately 5:45 a.m., officers shattered the glass door of the Woodall residence located at 208 North Date Avenue, Rialto, CA.

33.    The affidavit underlying the search warrant for this address

1  stated that law enforcement knew that the residents were not engaged in any
2  criminal activity, but that they might have evidence of criminal activity
3  engaged in by others because a resident was an officer of the Club.

4      34.    _____, who was eight years old at the time, was
5  downstairs at the time of entrance and was hit by the flying glass. The
6  remaining family members were then brought downstairs and made to lie
7  facedown for hours.

8      35.    During the course of the search, officers went into the backyard
9  and maced and pepper sprayed the family dogs. The dogs were then allowed
10 into the house, resulting in mace and pepper spray everywhere.

11     36.    Mr. Woodall's wife, daughter and son were taunted throughout
12 the entire process. When Mr. Woodall requested that officers stop pointing
13 their guns at his eight year old son, the officers's response was to pepper
14 spray and throw Mr. Woodall around. The officers stated: "Shut the fuck up
15 asshole or you will get more of this."

16     37.    ATF stood by and did nothing while local law enforcement
17 officials asked the children whether they knew their father was a criminal,
18 gangster, thug, terrorist, etc. The ATF agents simply looked at the locals and
19 didn't say a word.

20     38.    The search lasted approximately 3.5 to four hours. As expected,
21 the search yielded no weapons or drugs. However, the officers took letters,
22 mail and bills. They also copied the entire contents of the Woodalls'
23 computer.

24     39.    As a result of this search, the Woodall children are traumatized
25 to this day. When they see police officers, they cry. When anyone knocks on
26 the door, they are terrified. The children are constantly taunted and
27 tormented by their classmates at school.

28

40.   Joy Woodall lost her job as a result of this search. Law enforcement officials would not allow her to go to work that day.

### The Rooney Family

41.   On March 9, 2006, at or about 5:45 a.m., law enforcement officials executed a search warrant at 157 Eighth Street Norco, CA (hereinafter "Rooney residence").

42.   The affidavit underlying the search warrant stated that it was known that the residents were not involved in any criminal activity.

43.   When the officers arrived they grabbed John Rooney and threw him on the ground, handcuffed. Two male officers also grabbed his wife, Robin, who was naked taking a shower. The officers proceeded to taunt and tease Mrs. Rooney. They would not allow her to dry off, but in her struggles she managed to grab a robe. The local officers subsequently taunted Mr. Rooney telling him "Thanks for the peepshow" and "Nice of you to arrange that." The children were also brought downstairs.

44.   The Rooney residence is situated on a large lot. There were numerous animals in the yard, including goats and dogs. The animals were pepper sprayed and allowed into the house while the occupants were held facedown on the floor.

45.   No weapons or drugs were present. Officers took memorabilia of various sorts, jewelry, books, records, mail and other things of that nature.

46.   At the time of the search, John Rooney and his wife Robin were both clean and sober and had been so for a long time. John Rooney had his own business, a recovery house named "Gratitude House" to help people with substance abuse problems to learn how to live a different life. He had done this for 8 to 10 years. In his home were confidential client records. Under California law, these documents are protected and privileged, as

1    sacred as a lawyer's documents. The documents were in a locked cabinet in

2    the garage. After the search, these records were gone.

3        47.    John and Robin Rooney are now separated because of this

4    search. Mr. Rooney has also been forced to close down his recovery house.

5    He has lost his employment, his home and his wife.

6                              **Paul Cacioppo**

7        48.    On March 8, 2006 at approximately 5:45 a.m., officers began

8    pounding on the door of Mr. Cacioppo's residence in Hermosa Beach,

9    California.

10       49.    The affidavit underlying the search warrant states that Mr.

11   Cacioppo is not a suspect in any crime.

12       50.    Mr. Cacioppo put on a pair of shorts and went out onto his

13   balcony where he was confronted with ten officers training their guns on

14   him from the street below.

15       51.    Mr. Cacioppo went downstairs and let the officers in. They

16   searched his house for approximately two hours. He was allowed water

17   approximately an hour and 45 minutes into the search.

18       52.    The officers opened Mr. Cacioppo's safe and took legally

19   registered guns, $6000.00 in cash and various records accounting for the

20   cash. The officers also seized prescription drugs and the receipt for a prior

21   Las Vegas, Nevada arrest. The cash, arrest receipt, and some of the weapons

22   were never returned to Mr. Cacioppo.

23       53.    As a result of this search, Mr. Cacioppo suffered severe

24   emotional distress and now has trouble sleeping, taking showers, or sleeping

25   in the nude in his own house.

26                      **Defendants' Overall Conduct**

27       54.    As a result of the Defendants' overall course of conduct, the

28

Plaintiffs were subjected to domestic torture akin to waterboarding. This is a criminal enterprise within the government structure that is neither state nor federal, but rather a vigilante group given the appearance of legitimacy as an enterprise by improvident action and inaction by the executive and legislative branches of state, federal, and local government. The net result of this vigilante action against known innocent citizens (who, for the most part, have served their country well and sought camaraderie of association with like minded men who simply like the wind on their faces as protected by the First Amendment) is to chill the individual rights of these innocent Plaintiffs.

55.     The Defendants involved are state and federal "officials" who act as vigilantes and torture and abuse citizens by terrorizing them, not because they are criminals, but because that is how this particular enterprise justifies their budgets, their raises, and their retirement. The enterprise was headed in part by at least one known felon, a former sheriff of Orange County, who maliciously and viciously applied a domestic version of GITMO tactics akin to water boarding to these innocent Plaintiffs.

## FIRST CAUSE OF ACTION

### UNLAWFUL TAKING

### (Against All Defendants)

56.     Plaintiffs incorporate and reallege each and every allegation contained in paragraphs 1 through 55 of this Complaint as though fully set forth herein.

57.    Defendants' actions described above violated the Taking Clause of the Fifth Amendment to the United States Constitution, as made applicable to the States by the Fourteenth Amendment to the United States Constitution by unlawfully taking Plaintiffs' personal property. Plaintiffs' personal property was taken for a purported public use without any provision for just compensation, and plaintiff has no adequate remedy under state or federal law to obtain such just compensation.

## SECOND CAUSE OF ACTION

ILLEGAL SEARCH AND SEIZURE

(Against All Defendants)

58.    Plaintiffs incorporate and reallege each and every allegation contained in paragraphs 1 through 57 of this Complaint as though fully set forth herein.

59.    This is a claim for violation of the Fourth Amendment to the United States Constitution.

60.    As described above, the Defendants individually and jointly violated the Fourth Amendment to the United States Constitution by illegally seizing, detaining, and searching Plaintiffs, without reasonable or individualized suspicion and to an extent more invasive than justified.

61.   Defendants above described conduct, in violation of the United States Constitution, is the direct and proximate cause of Plaintiff's severe physical, mental and emotional injuries, loss of earning capacity and loss of enjoyment of life.

62.   All individual Defendants are, therefore, jointly and severally liable to Plaintiff in this action.

## THIRD CAUSE OF ACTION

### INVASION OF PRIVACY

#### (Against All Defendants)

63.   Plaintiffs incorporate and reallege each and every allegation contained in paragraphs 1 through 63 of this Complaint as though fully set forth herein.

64.   This is a claim for violation of the constitutional right to privacy under the Due Process Clause of the Fifth Amendment to the United States Constitution.

65.   The Defendants violated the Fifth Amendment to the United States Constitution by conducting an unduly invasive search, which infringed upon the Plaintiffs' right to bodily integrity and autonomy, as described above, and to be free from government intrusion.

66.     Defendants conduct, in violation of the United States Constitution, is the direct and proximate cause of Plaintiff's severe physical, mental and emotional injuries, loss of earning capacity and loss of enjoyment of life.

67.     All individual Defendants are, therefore, jointly and severally liable to Plaintiff in this action.

## FOURTH CAUSE OF ACTION

### VIOLATION OF FIRST AMENDMENT

#### (Against All Defendants)

68.     Plaintiffs incorporate and reallege each and every allegation contained in paragraphs 1 through 67 of this Complaint as though fully set forth herein.

69.     Defendant's actions violated Plaintiffs' First Amendment rights to peacefully assemble, speak, and associate, which rights are guaranteed by the First Amendment of the United States Constitution.

## FIFTH CAUSE OF ACTION

### INVASION OF PRIVACY

#### (Against All Defendants)

70.     Plaintiffs incorporate and reallege each and every allegation contained in paragraphs 1 through 69 of this Complaint as though fully set forth herein.

71.     This is a claim for violation of the constitutional right to privacy under the California constitution.

72.     The Defendants violated the California Constitution by conducting an unduly invasive search, which infringed upon the Plaintiffs' right to bodily integrity and autonomy, as described above, and to be free from government intrusion.

73.     Defendants' conduct, in violation of the California Constitution, is the direct and proximate cause of Plaintiff's severe physical, mental and emotional injuries, loss of earning capacity and loss of enjoyment of life.

74.     All individual Defendants are, therefore, jointly and severally liable to Plaintiff in this action.

## SIXTH CAUSE OF ACTION

ASSAULT

(Against All Defendants)

75.     Plaintiffs incorporate and reallege each and every allegation contained in paragraphs 1 through 74 of this Complaint as though fully set forth herein.

76.     Defendants intended to cause and did cause plaintiffs to suffer apprehension of an immediate harmful contact.

## SEVENTH CAUSE OF ACTION

### BATTERY

(Against All Defendants)

77.     Plaintiffs incorporate and reallege each and every allegation contained in paragraphs 1 through 76 of this Complaint as though fully set forth herein.

78.     As described above, Defendants intended to cause and did cause a harmful contact with plaintiffs' persons.  Defendants' acts were not privileged.

79.     Plaintiffs did not consent to defendants' acts.

80.     As a direct and proximate result of defendants' conduct, plaintiffs suffered physical and mental injuries.  Plaintiffs have also suffered extreme mental anguish and physical pain.  These injuries have caused

plaintiff to suffer general damages in an amount to be determined by proof at trial.

81.     As a direct and proximate result of defendants' conduct, plaintiffs required treatment in an amount to be determined by proof at trial and will, in the future, be compelled to incur additional obligations for treatment in an amount to be determined by proof at trial.

82.     Defendants' acts were done knowingly, willfully, and with malicious intent, and plaintiffs are entitled to punitive damages in an amount to be determined by proof at trial.

## EIGHTH CAUSE OF ACTION
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against All Defendants)

83.     Plaintiffs incorporate and reallege each and every allegation contained in paragraphs 1 through 82 of this Complaint as though fully set forth herein.

84.     As described above, Defendants had a duty under federal and state regulations to provide her care, comfort and safety. Without limiting the generality of the foregoing, Defendants in their capacities as law enforcement officials had a duties to Plaintiffs.

85.    As described above, Defendants, and each of them, breached their duties to Plaintiffs. These breaches were intentional and in reckless disregard for the probability that severe injury would result from their failure to carefully adhere to their duties. Defendants knew or should have known that there was a probability that injury would result from the failure to adhere to their duties.

86.    The conduct of Defendants and all DOES was outrageous and beyond the bounds of decency such that no reasonable person could be expected to endure it. Plaintiffs were forced to endure great pain, mental anguish, shock, humiliation, feelings of helplessness and desperation. Plaintiffs were physically and emotionally abused.

87.    At all times herein mentioned, Defendants and each of them knew of their duties to Plaintiffs and knew that the lives and health of the Plaintiffs were at risk whenever they failed to meet such duties.

88.    As a further result of Defendants' conduct, as aforesaid, Plaintiffs were forced to endure great pain, mental anguish, shock, humiliation, feelings of helplessness and desperation. Defendants observed the conditions under which Plaintiffs were cared for as well as the injuries that they suffered.

89. As a direct and proximate result of the intentional, malicious, harmful, unlawful and offensive acts of Defendants, as aforesaid, Plaintiffs sustained severe and serious injury to their persons, including but not limited to severe emotional distress, all to Plaintiffs' damage in a sum within the jurisdiction of this court and to be shown according to proof.

## NINTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (Against All Defendants)

90.   Plaintiffs incorporate and reallege each and every allegation contained in paragraphs 1 through 89 of this Complaint as though fully set forth herein.

91. Plaintiffs were present at the scene at the time of the events described herein.

92. Plaintiffs contemporaneously observed the events herein alleged as resulting in serious mental and/ or physical injuries.

93. As a direct and proximate result of the negligence of the Defendants, and each of them, as hereinabove alleged, Plaintiffs suffered severe, substantial and enduring emotional distress all to Plaintiffs' damage

in a sum within the jurisdiction of this Court and to be shown according to
proof.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for relief as follows:

1. An award of compensatory and general damages against defendants
and each of them, in an amount to be determined according to proof;

2. An award of exemplary and punitive damages against all defendants
sued in their individual capacities in an amount to be proven at trial;

3. An award of statutory damages and penalties pursuant to applicable
statutes;

4. An award of Plaintiffs' costs, expenses and reasonable attorney's fees
pursuant to 42 U.S.C. §1988 and other applicable statutes;

5. A preliminary and permanent injunction prohibiting defendants from

again making any baseless declaration of Unlawful Assembly as a pretext

for dispersing and suppressing legitimate First Amendment activities by

plaintiffs and their associates; and from acting in an improper or unsafe

manner when arresting plaintiffs as a means of injury, intimidation and

summary punishment.

6.  Trial By Jury; and such other and further relief as the Court may deem

just and proper.


DATED: March _____, 2008

Respectfully submitted by,

YANNY & SMITH

By: Joseph A. Yanny
Attorneys for Plaintiff

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this matter.

DATED: March _10_, 2008

Respectfully submitted by,

YANNY & SMITH

By: Joseph A. Yanny
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
P. Cncioppo, Robert Villigan, Angela Villigan, Alex Hernandez, Jordan Alfaro, Cruz Alfaro, Steven Villigan, Michael Murr, Jill Murr, Brianna Murr, Trevor Murr, Devon Murr, Michael Woodall, Joy Woodall, Jesse Woodall, John Rooney, Robin Rooney, Alexx Rooney, S. Rooney

**DEFENDANTS**
Mike Carona, John Carr, Riverside County Police Department, Riverside County Sheriff's Department, Bureau of Alcohol, Tobacco and Firearms, Does 1-100

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Los Angeles

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
Orange County

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Joe A. Yanny, Yanny & Smith
1801 Century Park East, 23rd Floor
Los Angeles, CA 90067
310-551-2966

Attorneys (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☑ 3 Federal Question (U.S. Government Not a Party)

☑ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☑ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. 1983

---

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 540 Mandamus/ Other |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☑ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

---

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: _____

CV-71 (07/05) | CIVIL COVER SHEET | Page 1 of 2

EDCV08-0329

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b).  RELATED CASES: Have any cases been previously filed that are related to the present case? ☑ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
   Riverside County: Robert Villigan, Angelina Villigan, A.A.H., J.C.A., C.J.A., S.M.V., Michael Murr, Jill Murr, Breanna Murr, Trevor Murr, D.M.M.,
   John Rooney, Robin Rooney, A.N.R., S.M.R.
   San Bernardino County: Michael Woodall, Julie Woodall, N.M.W., J.J.W.
   Los Angeles County: Paul Cacioppo

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☑ Check here if the U.S. government, its agencies or employees is a named defendant.
   Orange County, Riverside County, San Bernardino County

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
   Riverside County, San Bernardino County, Los Angeles County

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 10 March 08

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Robert Lee Villigan, an individual (see attached) | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | EDCV08-0329 VAP (JCRx) |
| v. | |
| Mike Carona, an individual (see attached) | |
| DEFENDANT(S). | **SUMMONS** |

TO:     DEFENDANT(S):  (see attached) _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney,  Joseph A. Yanny _____ , whose address is  1801 Century Park East, 23rd Floor, Los Angeles, CA 90067 _____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   **MAR 10 2008**

By: _Natalie Somejoria_
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                   SUMMONS

1  JOSEPH A. YANNY, ESQ., SBN 97979
   HAROLD COLLINS, ESQ., SBN 68161
2  YANNY & SMITH
3  1801 Century Park East, 23rd Floor
   Los Angeles, California 90067
4  Telephone: (310) 551-2966
   Facsimile: (310) 551-1949
5
6  Attorneys for Plaintiffs

7

8             IN THE UNITED STATES DISTRICT COURT

9         FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 ROBERT  LEE  VILLIGAN,  an  individual; NO.:
   ANGELINA FUENTES VILLIGAN, an individual;
12 A.A.H., a minor; J.C.A., a minor; C.J.A., a minor; COMPLAINT FOR UNLAWFUL
   S.M.V., a minor; MICHAEL MURR, an individual; TAKING; ILLEGAL SEARCH AND
13 JILL MURR, an individual; BREANNA MURR, an SEIZURE; VIOLATION OF THE FIRST
   individual;  TREVOR  MURR,  an  individual; AMENDMENT; INVASION OF
14 D.M.M., a minor; MICHAEL WOODALL, an PRIVACY; ASSAULT; BATTERY
   individual;  JULIE  WOODALL,  an  individual; INTENTIONAL INFLICTION OF
15 N.M.W., a minor, J.J.W., a minor; JOHN ROONEY, EMOTIONAL DISTRESS; and
   an individual; ROBIN ROONEY, an individual; NEGLIGENT INFLICTION OF
16 A.N.R., an individual; S.M.R., an individual; PAUL EMOTIONAL DISTRESS
   CACIOPPO, an individual
17                        Plaintiff,          DEMAND FOR JURY TRIAL
18 v.

19
   MIKE CARONA, an individual, JOHN CARR, an
20 individual, RIVERSIDE COUNTY POLICE
   DEPARTMENT, a government agency;
21 RIVERSIDE COUNTY SHERIFF'S
   DEPARTMENT, a government agency; SAN
22 BERNARDINO COUNTY SHERIFF'S
   DEPARTMENT, a government agency; SAN
23 BERNARDINO COUNTY POLICE
   DEPARTMENT, a government agency; BUREAU
24 OF ALCOHOL, TOBACCO AND FIREARMS, a
25 government agency; DOES 1-1000, inclusive,

26                        Defendants.

27

28

                              1
             COMPLAINT: DEMAND FOR JURY TRIAL

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| Robert Lee Villigan, an individual (see attached) | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | EDCV08-0329 VAP (JCRx) |
| v. | |
| Mike Carona, an individual (see attached) | |
| DEFENDANT(S). | **SUMMONS** |

TO:      DEFENDANT(S):  (see attached)

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Joseph A. Yanny_____., whose address is _1801 Century Park East, 23rd Floor, Los Angeles, CA 90067_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:      **MAR 10 2008**                         By: _____

**NATALIE LON...**

Deputy Clerk

*(Seal of the Court)*      1198

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    **SUMMONS**

1   JOSEPH A. YANNY, ESQ., SBN 97979
    HAROLD COLLINS, ESQ., SBN 68161
2   YANNY & SMITH
3   1801 Century Park East, 23rd Floor
    Los Angeles, California 90067
4   Telephone: (310) 551-2966
    Facsimile: (310) 551-1949
5
6   Attorneys for Plaintiffs

7

8                IN THE UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  ROBERT   LEE   VILLIGAN,   an   individual;   NO.:
    ANGELINA FUENTES VILLIGAN, an individual;
12  A.A.H., a minor; J.C.A., a minor; C.J.A., a minor;   COMPLAINT FOR UNLAWFUL
    S.M.V., a minor; MICHAEL MURR, an individual;   TAKING; ILLEGAL SEARCH AND
13  JILL MURR, an individual; BREANNA MURR, an   SEIZURE; VIOLATION OF THE FIRST
    individual;   TREVOR   MURR,   an   individual;   AMENDMENT; INVASION OF
14  D.M.M., a minor; MICHAEL WOODALL, an   PRIVACY; ASSAULT; BATTERY
    individual;   JULIE   WOODALL,   an   individual;   INTENTIONAL INFLICTION OF
15  N.M.W., a minor; J.J.W., a minor; JOHN ROONEY,   EMOTIONAL DISTRESS; and
    an individual; ROBIN ROONEY, an individual;   NEGLIGENT INFLICTION OF
16  A.N.R., an individual; S.M.R., an individual; PAUL   EMOTIONAL DISTRESS
    CACIOPPO, an individual
17                      Plaintiff,
                                              DEMAND FOR JURY TRIAL
18  v.

19
    MIKE CARONA, an individual, JOHN CARR, an
20  individual, RIVERSIDE COUNTY POLICE
    DEPARTMENT, a government agency;
21  RIVERSIDE COUNTY SHERIFF'S
    DEPARTMENT, a government agency; SAN
22  BERNARDINO COUNTY SHERIFF'S
    DEPARTMENT, a government agency; SAN
23  BERNARDINO COUNTY POLICE
    DEPARTMENT, a government agency; BUREAU
24  OF ALCOHOL, TOBACCO AND FIREARMS, a
25  government agency; DOES 1-1000, inclusive,

26                      Defendants.
27

28

                              1
                COMPLAINT; DEMAND FOR JURY TRIAL

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Robert Lee Villigan, an individual (see attached)

PLAINTIFF(S)

v.

Mike Carona, an individual (see attached)

DEFENDANT(S).

CASE NUMBER

EDCV08-0329 VAP (JCRx)

SUMMONS

TO:    DEFENDANT(S):  Bureau of Alcohol, Tobacco and Firearms, a government agency

A lawsuit has been filed against you.

Within   60   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, Joseph A. Yanny_____, whose address is 1801 Century Park East, 23rd Floor, Los Angeles, CA 90067_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:    MAR 1 0 2008

By: _Natalie Thongsonia_
        Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS

1   JOSEPH A. YANNY, ESQ., SBN 97979
    HAROLD COLLINS, ESQ., SBN 68161
2   YANNY & SMITH
3   1801 Century Park East, 23rd Floor
    Los Angeles, California  90067
4   Telephone: (310) 551-2966
    Facsimile: (310) 551-1949
5
6   Attorneys for Plaintiffs

7

8            IN THE UNITED STATES DISTRICT COURT

9         FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  ROBERT    LEE    VILLIGAN,    an    individual;   NO.:
    ANGELINA FUENTES VILLIGAN, an individual;
12  A.A.H., a minor; J.C.A., a minor; C.J.A., a minor;   COMPLAINT FOR UNLAWFUL
    S.M.V., a minor; MICHAEL MURR, an individual;   TAKING; ILLEGAL SEARCH AND
13  JILL MURR, an individual; BREANNA MURR, an   SEIZURE; VIOLATION OF THE FIRST
    individual;   TREVOR   MURR,   an   individual;   AMENDMENT; INVASION OF
14  D.M.M., a minor; MICHAEL WOODALL, an   PRIVACY; ASSAULT; BATTERY
    individual;   JULIE   WOODALL,   an   individual;   INTENTIONAL INFLICTION OF
15  N.M.W., a minor, J.J.W., a minor; JOHN ROONEY,   EMOTIONAL DISTRESS; and
    an individual; ROBIN ROONEY, an individual;   NEGLIGENT INFLICTION OF
16  A.N.R., an individual; S.M.R., an individual; PAUL   EMOTIONAL DISTRESS
    CACIOPPO, an individual
17                       Plaintiff,              DEMAND FOR JURY TRIAL
18  v.

19
    MIKE CARONA, an individual, JOHN CARR, an
20  individual, RIVERSIDE COUNTY POLICE
    DEPARTMENT, a government agency;
21  RIVERSIDE COUNTY SHERIFF'S
    DEPARTMENT, a government agency; SAN
22  BERNARDINO COUNTY SHERIFF'S
    DEPARTMENT, a government agency; SAN
23  BERNARDINO COUNTY POLICE
    DEPARTMENT, a government agency; BUREAU
24  OF ALCOHOL, TOBACCO AND FIREARMS, a
    government agency; DOES 1-1000, inclusive,
25
26                       Defendants.

27

28

                                    1

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Robert Lee Villigan, an individual (see attached)

PLAINTIFF(S)

v.

Mike Carona, an individual (see attached)

DEFENDANT(S).

**CASE NUMBER**

EDCV08-0329 VAP (JCRx)

**SUMMONS**

TO:   DEFENDANT(S):  Bureau of Alcohol, Tobacco and Firearms, a government agency

A lawsuit has been filed against you.

Within _60_ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  Joseph A. Yanny _____, whose address is _1801 Century Park East, 23rd Floor, Los Angeles, CA 90067_ .  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Dated:  MAR 10 2008

Clerk, U.S. District Court

By: **NATALIE LONGORIA**

Deputy Clerk

(Seal of the Court)

119g

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed. 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                              SUMMONS

1    JOSEPH A. YANNY, ESQ., SBN 97979
     HAROLD COLLINS, ESQ., SBN 68161
2    YANNY & SMITH
     1801 Century Park East, 23rd Floor
3    Los Angeles, California 90067
     Telephone: (310) 551-2966
4    Facsimile: (310) 551-1949

5

6    Attorneys for Plaintiffs

7

8           IN THE UNITED STATES DISTRICT COURT

9        FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11    ROBERT  LEE  VILLIGAN,  an  individual;   NO.:
     ANGELINA FUENTES VILLIGAN, an individual;
12    A.A.H., a minor; J.C.A., a minor; C.J.A., a minor;   COMPLAINT FOR UNLAWFUL
     S.M.V., a minor; MICHAEL MURR, an individual;   TAKING; ILLEGAL SEARCH AND
13    JILL MURR, an individual; BREANNA MURR, an   SEIZURE; VIOLATION OF THE FIRST
     individual;  TREVOR  MURR,  an  individual;   AMENDMENT; INVASION OF
14    D.M.M., a minor; MICHAEL WOODALL, an   PRIVACY; ASSAULT; BATTERY
     individual;  JULIE  WOODALL,  an  individual;   INTENTIONAL INFLICTION OF
15    N.M.W., a minor, J.J.W., a minor; JOHN ROONEY,   EMOTIONAL DISTRESS; and
     an individual; ROBIN ROONEY, an individual;   NEGLIGENT INFLICTION OF
16    A.N.R., an individual; S.M.R., an individual; PAUL   EMOTIONAL DISTRESS
     CACIOPPO, an individual
17                Plaintiff,        DEMAND FOR JURY TRIAL

18    v.

19

20    MIKE CARONA, an individual, JOHN CARR, an
     individual, RIVERSIDE COUNTY POLICE
     DEPARTMENT, a government agency;
21    RIVERSIDE COUNTY SHERIFF'S
     DEPARTMENT, a government agency; SAN
22    BERNARDINO COUNTY SHERIFF'S
     DEPARTMENT, a government agency; SAN
23    BERNARDINO COUNTY POLICE
     DEPARTMENT, a government agency; BUREAU
24    OF ALCOHOL, TOBACCO AND FIREARMS, a
     government agency; DOES 1-1000, inclusive,
25

26                Defendants.

27

28